UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ELRAC, LLC,

                              Plaintiff,

         -against-

PRIME EFS,

                              Defendant.

-------------------------------------------------------------------X

Index No.: 20-cv-211

**COMPLAINT**

Plaintiff, ELRAC, LLC, ("ELRAC"), by its attorneys, RIVKIN RADLER LLP, alleges as follows:

1. This District Court has original jurisdiction over ELRAC's claim based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), as well as the amount in controversy exceeds the statutory minimum.

2. Venue is appropriate in this District Court pursuant to 28 U.S.C. § 1391(b)(2).

3. No member of ELRAC is a citizen of the State of New Jersey.

4. Defendant, Prime EFS, LLC ("Defendant"), upon information and belief, is a citizen of the State of New Jersey.

5. In or about March, 2017, ELRAC commenced a commercial relationship with Defendant through which ELRAC rented commercial vehicles, *e.g.*, cargo vans and medium duty trucks, to Defendant.

6. Upon information and belief, Defendant utilized ELRAC's vehicles for "last mile" delivery services, as a contractor for Amazon.

7. Defendant rented ELRAC's vehicles in, *inter alia,* Queens, New York.

8. ELRAC and Defendant, beginning in 2017, executed ELRAC's standard rental agreement, ("Agreement"), which was generally used at that time for one-off rentals.

9. The Agreement, *inter alia,* establishes the condition of the motor vehicle at the inception of the rental and the fuel level; presents a description of the optional products available and whether a renter has accepted or declined each one; establishes the renter's obligations for the payment of rental charges, limits on use of the vehicle and liability for loss, theft and damage of the vehicle, and; establishes certain obligations and disclosures for ELRAC, such as minimum financial responsibility for bodily injury and property damage, as well as specific disclosures pertaining to damage waivers.

10. When additional commercial vehicles were rented as part of this commercial relationship, whether because more commercial vehicles were needed by Defendant or the vehicle was returned by Defendant in a damaged condition, ELRAC would sometimes, as a formality, have Defendant execute a new rental agreement for that particular vehicle.

11. The Agreement provided that Defendant was responsible to ELRAC for payment, *inter alia*, of physical damages and related costs to ELRAC's vehicles that it rented.

12. Specifically, the following language appeared in the Agreement entered into between ELRAC and Defendant concerning Defendant's rental of ELRAC's commercial vehicles:

- "Renter agrees to return vehicle and any Optional Accessories to Owner . . . in the same condition as received, ordinary wear and tear excepted."

- "Additional Obligations of Renter - - Unless prohibited by law Renter shall pay owner . . [f]or damage to Vehicle or Optional Accessories, including all related costs [   ], to the extent DW, [     ], or RAP, as [   ], do not apply."

- "Damages to, Loss or Theft of, Vehicle, Optional Accessories and Related Costs. Except to the extent restricted, modified or limited by State law, Renter accepts responsibility for damage to, loss or theft of, Vehicle Optional Accessories or any

2

    part or accessory occurring during the Rental Period regardless of fault or negligence of Renter or any other person or act of God.  Renter shall pay Owner the amount necessary to repair Vehicle or Optional Accessories . . . . Renter shall pay Owner the fair market value less any sale proceeds.  For purposes of this Agreement, fair market value shall be the retail value of Vehicle immediately preceding the loss. [. . .]  Renter agrees to pay a sum for loss of use, regardless of fleet utilization, calculated as follows: (i) if Owner determines Vehicle is repairable: total labor hours from the repair estimate divided by 4 multiplied by the daily rate on Page 1; (ii) if Vehicle is stolen and not recovered or Owner determines Vehicle is salvage: 15 days at the daily rate on Page 1.  Renter also agrees to pay: (a) an administrative fee of $50.00 when the repair estimate is less than $500.00 or $100.00 when the repair estimate is between $500.00 and $1,500.00 or $150.00 if greater than $1,500.00; (b) a sum for diminishments of value if Vehicle is repairable calculated as 10% of the repair estimate if the damages are greater than $499.99. [   ].

- As to Commercial rentals only:  Damages to Loss or Theft of Vehicle, Optional Accessories and Related Costs.  Except to the extent restricted, modified or limited by State law, Renter accepts responsibility for damage to, loss or theft of, Vehicle, Optional Accessories or any part or accessory occurring during the rental Person regardless of fault or negligence of Renter or any other person or act of god.  Renter shall pay Owner the amount necessary to repair Vehicle or Optional Accessories.

13.    Throughout its relationship with ELRAC, Defendant returned many vehicles to ELRAC with significant physical damage.

14.    Typical damage would include front and rear bumper damage, side mirror and glass damage, dented fenders, rear quarters damage from the inside out, external dents, stressed hinges on sliding doors and rear doors that were also bent out of line.

15.    Presently, ELRAC is owed by Defendant in excess of $382,000 for damages to its vehicles rented by Defendant.

16.    ELRAC has made a demand of Defendant to be compensated for the physical damages incurred to its vehicles rented by Defendant.

17.    Defendant has refused ELRAC's demand.

**AS AND FOR ELRAC'S FIRST CLAIM FOR RELIEF**
**(Breach of Contractual Obligation)**

18. ELRAC hereby incorporates all preceding paragraphs with the same force and effect as if fully set forth herein.

19. Defendant commenced and entered into a contractual relationship with ELRAC in or about March, 2017 concerning the renting of its commercial vehicles.

20. Defendant agreed to accept responsibility for and payment to ELRAC for physical damage and related costs to the vehicles that it rented.

21. Defendant returned many vehicles with significant physical damage.

22. The physical damage to ELRAC's vehicles caused by Defendant is in excess of $382,000.

23. Demand has been made of Defendant by ELRAC for payment of the damages caused to its vehicles.

24. Defendant has rejected ELRAC's demand.

25. Defendant is in breach of its contractual obligation to ELRAC.

**AS AND FOR ELRAC'S SECOND CLAIM FOR RELIEF**
**(Conversion)**

26. ELRAC hereby incorporates all preceding paragraphs with the same force and effect as if fully set forth herein.

27. Upon information and belief, Defendant maintained insurance, which covered some, but not all of the significant physical damage caused by Defendant to ELRAC's vehicles.

28. Upon information and belief, Defendant's insurance company agreed to compensate ELRAC for various claims, or parts thereof, concerning the physical damage to ELRAC's vehicles.

29. Defendant's insurance company would issue payment to ELRAC via two-party checks, which were initially sent to Defendant.

30. These payments by Defendant's insurance company, via two-party checks, were for the sole financial benefit of ELRAC.

31. The two-party check required Defendant to execute the check and then forward it to ELRAC, which would then also execute the check and deposit it into its account.

32. Upon information and belief, rather than sending the checks to ELRAC, Defendant engaged in a scheme where it would execute a check received from its insurance company, execute it and deposit it into its own account.

33. Upon information and belief, Defendant has wrongfully deposited, for its own benefit, no less than $62,000 in settlement proceeds.

34. By wrongfully keeping and depositing these proceeds, Defendant has engaged in conversion.

## AS AND FOR ELRAC'S THIRD CLAIM FOR RELIEF

35. ELRAC hereby incorporates all preceding paragraphs with the same force and effect as if fully set forth herein.

36. ELRAC is entitled to receive all monetary payments from Defendant's insurance company for damage done to its vehicle.

37. Defendant has received numerous checks from Defendant's insurance company representing compensation to ELRAC for damage done to its vehicle.

38. Defendant has not tendered to ELRAC the checks from Defendant's insurance company for damage done to its vehicles.

39. Defendant has wrongfully retained the monetary payments from Defendant's insurance company for damage done to its vehicle.

40. Defendant, by wrongfully keeping and depositing these monetary payments from Defendant's insurance company for damage done to ELRAC's vehicles, Defendant has been unjustly enriched.

**WHEREFORE,** ELRAC requests a judgment against the Defendant:

a. On ELRAC's First Claim for Relief, damages in an amount to be determined at trial, but no less than $382,000, plus pre- and post-judgment interest as provided by law, and award of attorneys' fees, costs and expenses incurred as a result of the prosecution of this action;

b. On ELRAC's Second Claim for Relief, monetary damages in an amount to be determined at trial, but not less than $62,000, plus all applicable interest, and an award of attorney fees, costs and expenses incurred as a result of the prosecution of this action.

c. On ELRAC's Third Claim for Relief, damages in an amount to be determined at trial, but no less than $382,000, plus all applicable interest, and;

d. For such other and further relief as this District Court deems just and proper.

Dated: Uniondale, New York
January 10, 2020

                                          RIVKIN RADLER LLP
                                          Attorneys for Plaintiff

By:   */s/ Kenneth A. Novikoff*
       KENNETH A. NOVIKOFF
       926 RXR Plaza
       Uniondale, New York 11556-0926
       (516) 357-3000

4646642 v1

7